■ In the Matter of GEORGE A. SMITH, Respondent, v. GAF CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed June 21, 1972, which unanimously reversed a referee's decision finding no causally related disability after April 6, 1970 and held that claimant continued to have a causally related disability of 25% after that date, entitling him to an award of compensation benefits. Claimant, George A. Smith, was employed as a sample emulsion maker by appellant GAF Corporation when, on October 7, 1969, he suffered a back injury while at work. The injury occurred when claimant was struck in the chest by a piece of broken machinery which caused him to fall to the floor and rendered him unconscious. Disabled as a result of the injury, claimant was paid compensation by appellant at the total disability rate until April 13, 1970. Thereafter, appellant notified the board that it was controverting claimant's right to further compensation because there was no substantial medical evidence of causally related disability subsequent to April 6, 1970. The sole question presented on this appeal is whether there was substantial evidence to support the board's determination, and we find that there was. Dr. Hennessey, an orthopedist, testified that at least part of claimant's problems could have arisen from his industrial accident, and his report of May 12, 1970 details the causes of claimant's permanent disability due to his injury and states that claimant might be able to do "light work". Similarly, Dr. Maddi, in his report of June 3, 1971, states that there is little doubt that claimant's pre-existing condition was worsened by his injury in October, 1969. As to the extent of claimant's disability, he was awarded the minimum rate for partial disability of $20 per week (Workmen's Compensation Law, § 15, subd. 6, par. [b]) and, therefore, that amount cannot be questioned. On a record such as this, we cannot say that the board's determination is without substantial support and, therefore, it should not be disturbed (Matter of Woods v. Pan Amer. Airways, 38 A D 2d 636). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.